UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TIMOTHY ROY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-83-B-W |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Eight months after the filing of the Complaint and after failing to adequately respond to two orders, the *pro se* Plaintiff has still failed to serve the Defendant with process; the Court dismisses his Complaint without prejudice.

**I.  STATEMENT OF FACTS**

On July 20, 2006, Timothy Roy, acting *pro se*, filed a complaint against the Social Security Commissioner and on July 21, 2006, Magistrate Judge Cohen granted his motion for leave to proceed in forma pauperis. *Compl.* (Docket # 1); *Order* (Docket # 3). On September 27, 2006, he wrote for a sixty day extension, because he "had to bury my father and things have been very hard on the family and I would like an extension on my civil suit to get things back in order . . . ." *Mot. to Extend Time* (Docket 4). On September 28, 2006, Magistrate Judge Cohen granted the motion. *Order* (Docket # 5). On January 12, 2007, Mr. Roy filed another motion for an extension of time. *Mot. to Extend Time* (Docket # 6). He explained that he had been looking for a lawyer to represent him in the case, but had been unable to obtain one and he promised: "I will not ask for another ext." *Id.* On January 12, 2007, Magistrate Judge Cohen granted the

motion, but stipulated that, although Mr. Roy would have another 30 days – until February 16, 2007 – within which to effect service of process, failing that "the complaint will likely be dismissed for failure to prosecute. There will be no further enlargements of this deadline." *Order* (Docket # 7). February 16, 2007 came and went without further word from Mr. Roy.

On February 20, 2007, the Court issued an Order to Show Cause, noting that "more than 120 days have expired since the filing of the complaint as well as two extensions of time and that service of process remains to be accomplished on defendants." *Order to Show Cause* (Docket # 9). The Order required Mr. Roy to "show good cause in writing no later than ten (10) days from this date why such service was not timely made, failing which the complaint shall be dismissed." *Id.* On March 8, 2007, Mr. Roy responded. *Pl.'s Resp.* (Docket # 10). He explained that his father had died on August 15, 2006 and his mother had died on January 15, 2007. He asked the Court to "consider my dilemmas, as I have been getting my parent's estates in order." *Id.*

## II. DISCUSSION

Now eight months after Mr. Roy filed his Complaint, he still has not served the Defendant with process. After asking for, and being granted, two extensions and being allowed until February 16, 2007 to effect service, Mr. Roy did nothing. Finally, after being asked to show cause as to why his Complaint should not be dismissed for failure to effect service of process, Mr. Roy again failed to effect service and instead asked for yet another extension. The Court is most sympathetic to Mr. Roy in the loss of both his father and mother in such a short period and, mindful of his *pro se* status, it is willing to "read [his] supporting papers liberally, and [to] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*,

14 F.3d 787, 790 (2d Cir. 1994); *Doe v. Solvay Pharms., Inc.*, 350 F. Supp. 2d 257, 260 n.3 (D. Me. 2004).

But, the Court must hold Mr. Roy generally to the same standards as an attorney; otherwise, the Court would apply the rules unevenly, forgiving Mr. Roy for lapses that would be unforgivable if done by a lawyer. *Solvay Pharms., Inc.*, 350 F. Supp. 2d at 260 n3. The unfortunate deaths of Mr. Roy's parents in August and January do not explain why he could not find the time to effect service of process on the Defendant sometime between late July 2006 and today and why he allowed court-ordered deadlines to lapse without timely seeking relief. Further, simply being busy with other matters, even important matters, is not generally a sufficient excuse for the failure to comply with a court order. *See Robinson v. Wright*, 460 F. Supp. 2d 178, 180-82 (D. Me. 2006).

## III.  CONCLUSION

The Court DISMISSES the Plaintiff's Complaint, but does so without prejudice. In the event the Plaintiff returns to court, he should do so with the capacity to comply with its most basic directives.[1]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE


Dated this 26th day of March, 2007

---

[1] Mr. Roy's energies might be better directed toward obtaining legal counsel. The Court is aware that the state of Maine has a number of attorneys who specialize in social security law and who are highly skilled professionals. These lawyers make no secret of their willingness to handle social security cases, as a casual reading of the telephone book will reveal.